# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| KENNETH LEE ADAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:08-CV-83 (CDL) |
| | * | 42 U.S.C. § 1983 |
| LAWRENCE STEWART, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff filed the above styled Section 1983 action against the named Defendants in the United States District Court for the Northern District of Georgia. That court thereafter transferred the action to this court because venue is proper in the Middle District of Georgia. Plaintiff is also seeking leave to proceed without prepayment of the filing fee or security therefor. For purposes of this dismissal alone, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any

county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## DISCUSSION

Plaintiff's complaint essentially alleges that Defendant Lawrence Stewart, Superintendent of the Columbus Transitional Center, has stalled his requests for a transfer to a transitional center in Atlanta, where his family lives. (R-1). Plaintiff makes other allegations that the Defendants: "bring 'great fear' to most residents by letting us know they will send us back to prison . . .", that Defendant Stewart runs the Center like a prison; that the staff is withholding "probation fees"; that his requests to look for jobs are thrown away by the staff who don't like him; and that his counselor, Defendant Christie, told him not to "write her any more resident request forms like what I sent to her . . .." *Id.* Plaintiff seeks a transfer to another center and requests the court to order no retaliation by the Defendants. *Id.*

### Preliminary Review

Petitioner's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a

governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

## Application of Law

First, it is important to note that a prisoner does not have an constitutionally protected right to receive a transfer to a different prison nor avoid transfer from one prison to another. *Meachum v. Fano*, 427 U.S. 215, 96 S. Ct. 2632, 49 L. Ed. 2d 451 (1976). Additionally, Plaintiff's complaint reveals that he has alleged no physical injury resulting from the abovementioned actions. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). Plaintiff has made no allegation of physical injury and the factual allegations asserted by him do not indicate any such injury.

## CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed pursuant to the provisions of 28 U.S.C. § 1915(a), as frivolous and for failing to state a claim upon which relief may be granted. To dismiss Plaintiff's Complaint without extending him the opportunity to amend the same would not be error, because no amendment could overcome the jurisdictional issue and would be futile. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be

**DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2), for the above-stated reasons. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So RECOMMENDED, this 17th day of July, 2008.

S/ G. MALLON FAIRCLOTH  
UNITED STATES MAGISTRATE JUDGE

eSw